UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-22431

CLAUDIA FAYNIK,

     *Plaintiff,*

v.

MAGICAL CRUISES, LTD,
d/b/a DISNEY CRUISE LINE,

     *Defendant.*

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CLAUDIA FAYNIK ("Plaintiff"), through her undersigned counsel, sues Defendant, MAGICAL CRUISES, LTD, d/b/a DISNEY CRUISE LINE ("Defendant"), and demands a jury trial, stating as follows:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, CLAUDIA FAYNIK, is *sui juris* and is a citizen of Florida.

2. Defendant, MAGICAL CRUISES, LTD, d/b/a DISNEY CRUISE LINE, is a foreign corporation incorporated under the laws of, and having its principal place of business in Florida.

3. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract, and because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court.  This is an admiralty or maritime claim within the meaning of Rule 9(h).

4. Defendant, at all times material hereto, personally or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to the Plaintiff, for compensation, vacation cruises aboard the *Disney Dream.*

7. Defendant is subject to the jurisdiction of the Courts of this state.

8. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

9. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Disney Dream.*

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. **DATE OF INCIDENT**:  This incident occurred on or about March 18, 2017.

2. **APPROXIMATE TIME OF INCIDENT**: On or around 11:30 p.m.

3. **LOCATION OF INCIDENT**: The incident occurred aboard the Defendant, DISNEY CRUISE LINE's, cruise ship vessel, the *Disney Dream*, on the 11th Deck – top pool deck, walking

2

up onto a dance floor platform covering the swimming pool, to the best of the Plaintiff's knowledge and recollection.

4. **DESCRIPTION OF THE INCIDENT:** At all times relevant, Defendant owed a duty to Plaintiff to exercise reasonable care under the circumstances for the safety of its passengers, including Plaintiff.

5. However, on the date and time of the incident, and at the location of the incident, there was a foreign liquid substance, along with other foreign objects, located on the subject dance floor.

6. On the date and time of the incident, Plaintiff ascended onto the dance floor platform, which Plaintiff believes covered a swimming pool.

7. While she was ascending onto the dance floor platform, Plaintiff took several steps up from the pool deck onto the dance platform.

8. However, while on the dance floor, Plaintiff turned and slipped and/or tripped on the foreign liquid substance and/or foreign objects located on the dance floor.

9. Plaintiff lost her balance.

10.    Plaintiff's leg twisted as her feet went out from under her.

11.    Plaintiff fell backwards landing on her buttocks.

12.    This fall caused Plaintiff to suffer grievous bodily injury, including, but not limited to, a fractured fibula in her left leg.

13.    Plaintiff subsequently received surgery as a result of her injuries.

14.    Due to this incident, Plaintiff suffered other damages, which she will describe later on in this Complaint.

15.    **OTHER FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**: At all times relevant, the subject dance floor platform, which is the subject of this incident was hazardous,

3

unreasonably dangerous, defective, outdated, not adequately slip or trip resistant, and/or otherwise unsafe.

16.     The hazardous conditions of the, dance floor platform were known or should have been known to Defendant in the exercise of reasonable care.

## COUNT I – NEGLIGENCE

10. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through sixteen (16) as though alleged originally herein.

11. It was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

12. On or about March 28, 2017, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

13. On or about March 28, 2017, the Plaintiff was injured due to the fault and/or negligence of Defendant and/or its agents, servants, and/or employees as follows:

   a.   Failure to maintain the subject dance floor platform in a clean and organized fashion; and/or

   b.   Failure to adequately and regularly inspect that dance floor platform to ensure it is properly cleaned and safely maintained; and/or

   c.   Failure to adequately clean and regularly monitor and maintain the dance floor platform while in use; and/or

   d.   Failure to regularly and adequately clean and maintain the subject dance floor platform; and/or

ARONFELD TRIAL LAWYERS

e.  Failure to place warning signs on or around the subject area where foreign objects and/or liquid substances may rest and/or gather; and/or

f.  Failure to warn the Plaintiff of the possible condition of the subject dance floor platform; and/or

g.  Failure to warn passengers and Plaintiff of other trip, slip, and fall accidents previously occurring on same or similar dance floor platform; and/or

h.  Failure to instruct passengers and the Plaintiff concerning footwear; and/or

i.  Failure to have a clean and safe dance floor for passenger use; and/or

j.  Failure to have a non-slip or non-skid flooring surface on or around the subject dance floor; and/or

k.  Failure to keep high passenger traffic areas, such as where the subject dance floor is located, in a clean, free from debris and in an organized condition; and/or

l.  Failure to adequately and regularly inspect high passenger traffic areas, where the dance floor platform is located, in order to maintain it free of potential tripping and/or slipping hazards; and/or

m.  Failure to adequately and regularly monitor high passenger traffic areas, such as the area where the subject dance floor platform is located, in order to maintain it free of potentially dangerous tripping, and/or slipping hazards; and/or

n.  Failure to regularly and adequately clean high passenger traffic areas, such as the deck where the subject dance floor is located; and/or

ARONFELD TRIAL LAWYERS

All of which caused and/or contributed to the Plaintiff slipping and/or tripping, and falling on the subject temporary dance floor located on the subject deck.

16. At all material times, Defendant had exclusive custody and control of the vessel, the *Disney Dream*.

17. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct same, and/or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

18. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions there from, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

ARONFELD TRIAL LAWYERS

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

**DATED June 29, 2017**

ARONFELD TRIAL LAWYERS
Attorneys for Plaintiff
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198

By:     */s/ Spencer Aronfeld, Esq.*
        **Spencer Aronfeld, Esq.**
        Florida Bar No.: 905161
        Aronfeld@aronfeld.com
        **Lovecia A. Holmes, Esq.**
        Florida Bar No.: 124132
        lholmes@aronfeld.com

ARONFELD TRIAL LAWYERS