UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLAUDIA FAYNIK,

     Plaintiff,

v.                                                                      Case No:   6:17-cv-1282-Orl-37TBS

MAGICAL CRUISE COMPANY, LTD.,

     Defendant.

_____

### ORDER

This slip-and-fall case comes before the Court without a hearing on Plaintiff's Motion to Compel Second 30(b)(6) Deposition (Doc. 53). Plaintiff deposed Defendant on April 25, 2018 and now complains that Defendant's designated corporate representative was not sufficiently prepared to testify concerning certain matters (Doc. 53-2). Defendant opposes the motion (Doc. 61).

Corporations and other entities can be deposed pursuant to FED. R. CIV. P. 30(b)(6). Under the rule, the party taking the deposition must "describe with reasonable particularity the matters for examination" in the deposition notice. Id. The corporation's obligation is to "produce one or more witnesses who can testify about the corporation's knowledge of the noticed topics." QBE Ins. Corp. v. Jorda Enter., Inc., 277 F.R.D. 676, 688 (S.D. Fla. Jan. 30, 2012) (citing Great Am. Ins. Co. v. Vegas Constr. Co., Inc., 251 F.R.D. 534, 539 (D. Nev. 2008)). The corporation is not required to produce the person with the most knowledge as its designee. Id.; see also PPM Fin., Inc. v. Norandal USA, Inc., 392 F.3d 889, 894-95 (7th Cir. 2004). Instead, the corporation's duty is to furnish one or more persons able to provide full, non-evasive, binding answers on its behalf. QBE,

277 F.R.D. at 688 (citing <u>Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.</u>, 497 F.3d

1135, 1147 (10th Cir. 2007)); <u>Great Am. Ins. Co.</u>, 251 F.R.D. at 540. The corporation's

designee must be able to testify about the facts within the collective knowledge of the

corporation, and "the corporation's position, beliefs and opinions." <u>QBE</u>, 277 F.R.D. at

689 (citing <u>Great Am. Ins. Co.</u>, 251 F.R.D. at 539; <u>United States v. Taylor</u>, 166 F.R.D.

356, 361 (M.D.N.C. 1996)). The corporation "'has a duty to designate more than one

deponent if necessary to respond to questions on all relevant areas of inquiry listed in the

notice.'" <u>Siplin v. Carnival Corp.</u>, No. 17-Civ-23741-WILLIAMS/TORRES, 2018 WL

3439452, at *3 (S.D. Fla. July 17, 2018) (quoting <u>QBE</u>, 277 F.R.D. at 688). "[A] party's

failure to properly designate a Rule 30(b)(6) witness can be viewed as non-appearance

by that party, thus justifying the imposition of sanctions against it. However, simply

because a designee cannot answer every question on a certain topic does not

necessarily mean that the corporation failed to meet its Rule 30(b)(6) obligation." <u>Id</u>.

(citing <u>QBE</u>, 277 F.R.D. at 691). During the deposition, the corporation's designee may be

asked questions outside the scope of the Rule 30(b)(6) notice. "[I]f the deponent does not

know the answer to questions outside the scope of the matters described in the notice,

then that is the examining party's problem." <u>King v. Pratt & Whitney</u>, 161 F.R.D. 475, at

476 (S.D. Fla. 1995).

This dispute begins with topic 1:

> 1. Both the specific design, and composition of the
> subject stairwell flooring [sic] with involved in Plaintiff's
> incident, as well as any replacement and any materials that
> were applied and were supposed to have been applied to the
> area and objects involved in Plaintiff's incident, including but
> not limited to the original date of installation, application, the
> manufacturer, manufacturer's recommendations for the
> maintenance, inspection and repair of the subject object, as

well as the name of the installer of the subject object (ie stairwell flooring).

(Doc. 53-1). Plaintiff complains that Defendant's corporate representative was unable to testify concerning "the specifications for the slip resistance of the subject area where [Plaintiff's] incident occurred which is probative of Defendant's actual or constructive knowledge of the risk-creating condition which is an essential element which Plaintiff must prove at trial." (Doc. 53, ¶ 8). The reference in the deposition notice to the design and composition of the flooring did not reasonably place Defendant on notice that Plaintiff sought Defendant's knowledge concerning the slip resistance. Therefore, this part of Plaintiff's motion to compel is DENIED.

Next, are topics 8 and 9:

> 8. For a time period beginning five (5) years prior to the date of the Plaintiff's incident to the present, information and documents reflecting and/or relating to the ship's staff organizational structure and chain of command of personnel responsible for maintaining, inspecting, repairing, setting-up the subject location.

> 9. For a period beginning five (5) years prior to the date of the Plaintiff's incident to the present, information and documents reflecting and/or relating to the ship's staff and comprehensive list of duties and responsibilities including, but not limited to, each staff member in command of or responsible for monitoring and/or watching the deck area in which Plaintiff's incident occurred.

(Doc. 53-1). By agreement, topic 8 was narrowed from "five (5) years prior to the date of the Plaintiff's incident" to "the subject cruise." (Doc. 61-3 at 2). Topic 9 was narrowed from "five (5) years prior to the date of the Plaintiff's incident" to "one year prior to the date of the incident." (Id.). The parties also agreed to change the language in topic 9 from the "stairwell area" to the "covered pool decking area." (Id.).

Plaintiff complains that Defendant's designee could not identify the

"crewmembers responsible for maintaining, inspecting, and monitoring the covered pool deck area during and after the pirate show when the incident occurred" (Doc. 53, ¶ 8). Plaintiff did not designate the identity of those crew members as a deposition topic and therefore, this part of the motion to compel is **DENIED**. However, topics 8 and 9 reasonably informed Defendant that Plaintiff would ask for the names of the persons "in command of or responsible for monitoring and/or watching the deck area in which Plaintiff's incident occurred." Accordingly, as to this information, the motion is **GRANTED**.

Plaintiff notes that Defendant's designee was unable to testify concerning "the uniforms and the types of clothing crewmembers were instructed to wear including slip resistant shoes;" "whether inspections of the subject area were performed on the date of the incident and what equipment is used by the company to conduct the inspections of the area;" and the "policies and procedures for staffing requirements for the number of crew that need to be present during events such as the pirate show and dance party to effectively supervise and control the crowds" (Id.). This information is beyond the scope of topics 8 and 9 and therefore, this part of the motion is **DENIED**.[1]

Next, are topics 12 and 13:

> 12. Information and documents describing any policies regarding the inspection of the subject covered pool flooring where the Plaintiff was injured and detail as to such policies of (a) who performs inspections of the subject area; (b) what specifically the crew member performing the inspection is instructed to look for; (c) the time frame that the inspections are to take place and (d) what happens when a dangerous/hazardous condition is identified.

> 13. Information and documents describing any policies regarding the inspection of the subject area, where the Plaintiff was injured and detail as to such policies of (a) who

---

[1] The witness did testify that the food and beverage team and pool hosts are required to wear slip resistant footwear (Doc. 61-2, pg. 66-69). She also testified to some extent about inspection of the area where Plaintiff fell (Id., pg. 41-42, 52).

> performs inspections of the subject area in general; (b) what specifically the crew member performing the inspection is instructed to look for; (c) the time frame that the inspections are to take place and (d) what happens when a dangerous/hazardous condition is identified.

(Doc. 53-1).

Defendant's designee did not know whether there is any documentation concerning the number of food and beverage people who were supposed to be present where the incident occurred (Doc. 53-2, at 6). She knew that as part of their general training, crew members are told about their responsibility to maintain the safety of the dance floor area but she did not know if that information is written down (Id., at 7). The witness said the swimming pool where Plaintiff fell was covered shortly after 6:00 p.m. and visually inspected to make sure it was in a safe condition (Doc. 61-2, pg. 41). But, she did not know when the visual inspection occurred, and she was unaware of any documentation of that activity (Id., pg. 41-42). The witness said she could not say with certainty whether there was a visual inspection of the dance floor at or around 6:00 p.m. on the night Plaintiff fell (at approximately 11:00 p.m.) (Doc. 53-2, at 12). She testified that several crew members would be in the area, walking the deck during the first pirate show (Id., pg. 52). The witness also testified that between the first and second pirate shows there aren't many people on the deck which allows for visual inspection. However, she did not know whether crew members were provided with lights to perform the inspection (Id., pg. 54). The witness said all crew members are responsible to make sure the decks are neat, tidy, and clear of debris (Id., pg. 88). She stated that in addition to the custodial staff, there were 7 to 8 crew staff in the area where Plaintiff fell who were "generally scanning and looking for any substance on the floor." (Id.). If those staff see something, they are supposed to clean it or get someone to clean it (Id.). However, the witness did

not know what is provided to crew members to clean up spills (Id., at 98). The witness also did not know if Defendant has a spill protocol, but she did know that Defendant has a policy concerning the elimination of slip hazards (Id.). She testified that crew members are instructed that if they see a slip hazard they are to clean or caution off the area (Id.). The witness said about three pool staff were also present and responsible for looking for and cleaning up debris (Id., pg. 89). Lastly, the witness stated that members of the deck department inspect the deck to be sure it is clean and dry (Id., 89).

Plaintiff argues that the witness should have been prepared to testify concerning "whether inspections of the subject area were performed on the date of the incident and what equipment is used by the company to conduct the inspections of the area;" Defendant's "protocol for cleaning identifying and remedying dangerous conditions such as spills that occur on the deck due to the size of the crowd present during the several hour-long show;" Defendant's "policies and procedures for staffing requirements for the number of crew that need to be present during events such as the pirate show and dance party to effectively supervise and control the crowds;" and the "protocols for inspections for spills and other dangers that occur during the strobe light dance party, fireworks show and pirate show that were ongoing when [Plaintiff] slipped and fell" (Doc. 53, ¶ 8). Defendant maintains that its designee adequately addressed each of these areas of inquiry (Doc. 61 at 5-7). Apart from the questions and answers summarized in this Order, the parties have not directed the Court to any specific questions on these topics the witness was unable to answer.

The motion as to topics 12 and 13 is **GRANTED** concerning: (1) whether there is any documentation about the number of food and beverage people who are supposed to be present where the incident occurred; (2) whether there is any documentation

concerning crew member's responsibility to maintain the safety of the dance floor area;

(3) whether the visual inspection of the subject area on the night Plaintiff fell is

documented; and (4) whether Defendant has a spill protocol and if so, what it is. In all

other respects, the information Plaintiff seeks is beyond topics 12 and 13 and therefore,

the balance of this part of the motion is **DENIED**.

Lastly, Plaintiff argues that Defendant's designee was not prepared to answer topic

28:

> 28. Defendant's complete corporate knowledge, prior to
> March 18, 2017, of the existence and contents of codes,
> standards, guidelines, or recommendations, or warnings, if
> any, issued by classification societies and/or P&I Clubs that
> mention, in whole or in part, the slip resistance of walking
> surfaces and/or the risk of slips and falls aboard passenger
> vessels.

(Doc. 53-1). Plaintiff complains that the witness was unaware of "information provided to

the company by its insurer the UK P&I club identifying hazards that significantly increase

the likelihood of slip/trip and fall accidents, including suboptimal lighting conditions,

excessively slippery decks and inspection for hazards" (Id.). Plaintiff has not directed the

Court to any deposition questions concerning the UK P&I Club. The transcript pages

provided by Plaintiff show that the witness was asked about the bowtie lock prevention

initiative which she had vaguely heard of it and said Defendant does not utilize (Doc. 53-2

at 20).   (Id.). The witness was also unable to explain Defendant's risk assessment

process in detail (Id., at 20-21). However, Plaintiff does not complain about these

answers. Accordingly, the motion to compel topic 28 is **DENIED**.

To the extent Plaintiff's motion has been granted, Defendant has **30 days** to

produce an appropriately prepared designee for a second Rule 30(b)(6) deposition.

**DONE** and **ORDERED** in Orlando, Florida on August 16, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record